2009 BNH 017
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                          Bk. No. 09-11695-MWV
                                                                                                Chapter 7
Anthony Scaringe and
Georgia Scaringe,
                    Debtors

*Peter N. Tamposi, Esq.*
*DONCHESS, NOTINGER & TAMPOSI, PC*
*Attorney for Debtor*

*Christopher J. Somma, Esq.*
*FORD & WEAVER, P.A.*
*Attorney for TD Bank, N.A.*

## MEMORANDUM OPINION

This matter comes before the Court on a motion to compel return of set-off funds (the "Motion") (Ct. Doc. No. 12) filed by Anthony Scaringe and Georgia Scaringe (the "Debtors") against TD Bank, N.A. (the "Bank"). The Court held a hearing on the matter on July 14, 2009, and continued the hearing to July 21, 2009 for this Court's decision.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

On April 23, 2009, the Bank debited $823.83 from the Debtors' personal bank account pursuant to the Bank's set-off rights.[1] The Debtors claim the monies in the account were held by the Debtors in escrow for the sole purpose of paying payroll taxes owed to the Internal Revenue Service (the "IRS"), See 26 U.S.C. § 7501(a), and meals and rental taxes owed to the State of New Hampshire, See N.H. Rev. Stat. Ann. § 78-A:7.  The Debtors now move the Court to compel the Bank to return the monies as they are not property of the debtor.  Additionally, the Debtors claim that the monies in the account being collected for tax purposes render the monies part of trusts held by the Debtors for the IRS and State of New Hampshire.

The Court need not reach the issue of whether the funds were held in trust, because the Debtors lack standing to bring the current Motion.  If the set-off funds recouped by the Bank constitute "property of the estate" under 11 U.S.C. § 541(a)(1), then only the trustee can bring the current Motion.[2] See 11 U.S.C. §§ 323 and 541(a)(1).  Conversely, if the set-off funds were indeed held in trust for the IRS and State of New Hampshire, then the Debtors hold no beneficial interest in the funds under 11 U.S.C. § 541(d).  The IRS and State of New Hampshire would be the proper claimants in the latter case.  See 26 U.S.C. 7501; N.H. Rev. Stat. Ann. § 78-A:7; and Begier v. Internal Revenue Service, 496 U.S. 53 (1990). Accordingly, the Court denies the Debtors' Motion.

## CONCLUSION

For the reasons set out herein, the Court denies the Debtors' motion to compel return of set-off funds from the Bank.  The hearing scheduled for July 21, 2009 is cancelled.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

---

[1] The parties are not in dispute as to the set-off rights of the Bank.

[2] There has been no indication that the Chapter 7 trustee rejected or abandoned this cause of action.

The Court will issue a separate order consistent with this opinion.

DATED this 20th day of July, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge
